UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROLAND DONNELLY, JR.,<br><br>Debtor-Appellant,<br><br>v.<br><br>AMERICAN EXPRESS BANK, FSB,<br><br>Appellee. | Case No.: 18-cv-1024-GPC-WVG<br><br>**ORDER AFFIRMING BANKRUPTCY COURT ORDER DENYING MOTIONS TO COMPEL, FOR ATTORNEY'S FEES, AND IN LIMINE** |

Before the Court is a bankruptcy appeal brought by Debtor-Appellant John Roland Donnelly, Jr. ("Debtor") against Appellee American Express Bank, FSB ("AmEx"). The Court reviews the May 18, 2018 "Order Denying Debtor's Motion to Compel, for Attorney's Fees, and in Limine" issued by Bankruptcy Judge Christopher B. Latham of the United States Bankruptcy Court for the Southern District of California. R.[1] at 468-81.

Pursuant to Civil Local Rule 7.1(d)(1) and Federal Rule of Bankruptcy Procedure 8019(b), the Court finds the matter suitable for adjudication without oral argument. For the reasons stated below, the bankruptcy court's May 18, 2018 Order is **AFFIRMED**.

---

[1] The Court refers to the Appellate Record in shorthand as "R."

1

## I. BACKGROUND

This appeal arises from Debtor's objection to AmEx's proof of claim filed in Debtor's Chapter 13 bankruptcy, R. at 63, 125, and certain unanswered discovery requests Debtor propounded upon AmEx in connection with Debtor's claim objection, R. at 143.

### A. Disallowance of Claim 4-1 Filed by American Express Bank, FSB

On May 31, 2017, Debtor filed a Chapter 13 bankruptcy petition, listing AmEx as an unsecured creditor. R. 63. On July 24, 2017, AmEx filed a proof of claim for its unsecured claim of $15,011.75. R. at 117-22. At the time AmEx filed its claim, Debtor had proposed a Chapter 13 plan paying 0% to its unsecured creditors.[2] R. at 190. On September 9, 2017, Debtor filed an objection to AmEx's claim requesting the court disallow the Claim as barred under the statute of limitations and for failure to attach the underlying credit agreement. R. at 123-24. Debtor concurrently propounded discovery requests upon AmEx, including Requests for Admission, Requests for Production, and Interrogatories.[3] R. at 143.

On September 14, 2017, AmEx sent Debtor a letter advising Debtor that AmEx agreed to disallowance of its claim and would not oppose Debtor's claim objection. R. at 134. AmEx's letter made no mention of the outstanding discovery requests, and the parties did not otherwise address the continued necessity of discovery.[4] R. at 469. On October 13, 2017, Debtor submitted a proposed order for disallowance of AmEx's claim. R. at 138. The bankruptcy court, however, rejected the proposed order due to various clerical errors in Debtor's objection. R. at 138. The court directed the Debtor to resubmit

---

[2] Debtor has not indicated that his plan was ever subsequently amended to pay any portion of Debtor's unsecured claims.
[3] Debtor neither produced these discovery requests for the bankruptcy court nor in the Appellate Record.
[4] Debtor's Motion to Compel reveals Debtor did not mention the outstanding discovery to AmEx until October 19, 2017.

2

the objection with the identified corrections. *Id.*

On October 14, 2017, Debtor filed an amended objection to AmEx's claim. R. at 125-26. In addition to correcting the clerical errors identified in the original objection, Debtor's amended objection included a request for "Attorneys fees according to proof." R. at 125. On October 31, 2017, AmEx filed a response in opposition to Debtor's amended objection to Claim Number 4-1. R. at 127-33. AmEx's response opposed only Debtor's request for "Attorney's fees according to proof," and AmEx continued to consent to disallowance of its claim. R. at 129. On October 31, 2017, Debtor filed his reply to AmEx's response, stating that fees were not at issue and the only issue to be resolved was Debtor's claim objection. R. at 140. Finding the parties in agreement as to the claim's disallowance,[5] the court issued a tentative ruling declining to hold a hearing and directing Debtor to submit an order consistent with the court's ruling. R. at 180. On December 8, 2017, the court ultimately entered its Court Modified Order on Amended Objection to Claim. R. at 217-18. The language of the Order is as follows:

> On or about October 14, 2017, John Roland Donnelly, Jr., (the "Debtor") filed and served his amended objection to claim number 4 held by American Express in the amount of $15,011.75.
> The court has considered Debtor's amended objection to Claim No. 4-1 of American Express Bank FSB, American Express's opposition, and Debtor's reply. American Express represents that it does not oppose the disallowance of its claim, but opposes Debtor's apparent request for attorney's fees. Debtor clarifies that his objection only seeks to disallow American Express's claim. On that basis, the court sustains Debtor's claim objection and disallows Claim No. 4-1.

---

[5] Although Debtor denies the parties stipulated to the disallowance of the claim, the court's tentative ruling expressly states: "The parties therefore seem to be in agreement." R. at 180.

3

R. at 218. The bankruptcy court made no findings as to Debtor's contention that AmEx's claim was time-barred or Debtor's contention that AmEx had failed to attach to its claim the underlying credit agreement. R. at 218, 125.

### B. Debtor's Motions to Compel, for Attorney's Fees, and In Limine

Debtor ultimately filed three motions attributable to his claim objection and the discovery requests. R. at 143-70, 183-216, 273-82.

On November 17, 2017, while Debtor's Claim Objection was pending, Debtor filed a Motion to Compel Discovery. R. at 143-70. In his motion, Debtor stated that he first attempted to meet and confer with AmEx on October 19, 2017, and again in November. R. at 160. Debtor's first purported meet-and-confer attempt consisted of an email responding to AmEx's confusion over Debtor's attorney's fees request included in his amended claim objection. R. at 163. Debtor's counsel's email stated in its entirety: "Attorneys fees to come from the estate or creditor by way of California Civil Code 1717. We are waiting discovery responses which are now overdue and admissions admitted. It will be up to the court to decide. Thank you." R. at 163. When the parties met and conferred in November, AmEx refused Debtor's demand for $3,500 in attorney's fees. R. at 470. Debtor's Motion to Compel requested an order compelling responses to Debtor's Requests for Production and Interrogatories, deeming admitted those facts contained in the Request for Admissions, and awarding attorney's fees in the amount of $2,403.50. R. at 155-57.

On December 8, 2017, the date of AmEx's claims disallowance, Debtor filed his Motion for Attorney Fees as prevailing party on the claim objection. R. at 183-216. While Debtor acknowledged that his Chapter 13 plan provided for no payments to allowed unsecured claims, Debtor contended that his claim objection successfully disallowed the claim, mooted any potential future liability, and conserved the Chapter 13 Trustee's

resources. R. at 190-91. Debtor sought attorney's fees in the amount of $12,943.00.[6] R. at 196. These fees then grew to $18,003.00 with the filing of Debtor's reply brief in support of this motion. R. at 261.

On January 22, 2017, Debtor filed a Motion in Limine seeking to bar AmEx from contesting any facts contained in the unanswered Requests for Admission at the hearing on Debtor's Motion to Compel and Motion for Attorney's Fees. R. at 273-82.

### C. Bankruptcy Court Order Denying Debtor's Motions to Compel, for Attorney's Fees, and in Limine.

On May 18, 2018, the bankruptcy court issued its Order Denying Debtor's Motions to Compel, for Attorney's Fees, and in Limine, from which Debtor appeals. R. at 468. The bankruptcy court determined that Debtor was not a prevailing party under Cal. Civ. Code § 1717 because AmEx abandoned its claim and because the order disallowing AmEx's claim was entered pursuant to the parties' apparent settlement. On this basis, the bankruptcy court denied Debtor's Motion for Attorney's Fees.

In denying Debtor's Motion to Compel and Motion in Limine, the bankruptcy court found that Debtor acted with an improper purpose in seeking discovery and pursuing its Motion to Compel. R. at 474-76. The court noted that Debtor never mentioned the discovery requests after AmEx consented to its claim's disallowance. R. at 475. The court also found that the admissions Debtor sought bore no relevance to the claim objection, and appeared designed to annoy, embarrass, and harass. R. at 475. Although the bankruptcy court could not consider the individual merits of each item of discovery because Debtor did not produce the discovery requests, R. at 472, the court found Debtor's overall purpose in pursuing discovery appeared to be to punish AmEx through the imposition of attorney's fees on Debtor's unopposed claim objection, R. at 476. The court also disputed Debtor's

---

[6] This figure includes attorney's fees sought under Debtor's Motion to Compel, which was still pending with the bankruptcy court. R. at 213-16.

5

ability to initiate discovery without first meeting and conferring with AmEx, but found that discovery was nonetheless disallowed based on Debtor's improper and abusive purpose. R. at 478.

## II. APPELLATE JURISDICTION AND STANDARD OF REVIEW

"When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." *In re Rios*, No. 12-CV-01037-CAS, 2015 WL 1728307, at *1 (C.D. Cal. Apr. 14, 2015). The district court has jurisdiction to hear this bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1).

On appeal, the district court reviews the bankruptcy court's findings of fact for clear error and reviews its conclusions of law de novo. *In re Int'l Fibercom*, 503 F.3d 933, 940 (9th Cir. 2007). By well-settled rule, "factual findings are reviewable only for clear error— in other words, with a serious thumb on the scale for the bankruptcy court." *U.S. Bank Nat. Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 138 S. Ct. 960, 966 (2018). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985). Whether the bankruptcy court applied the correct legal standard is a legal issue which is reviewed de novo. *In re Karelin*, 109 B.R. 943, 946 (B.A.P. 9th Cir. 1990).

"A mixed question of law and fact occurs when the historical facts are established; the rule of law is undisputed, . . . and the issue is whether the facts satisfy the legal rule." *In re Bammer*, 131 F.3d 788, 792 (9th Cir. 1997) (citations omitted). The standard of review for a mixed question of law and fact depends on whether answering it entails primarily legal or factual work. *U.S. Bank*, 138 S.Ct. at 967. Where mixed questions immerse courts in case-specific factual issues, appellate courts should review a decision with deference. *Id.*

6

The district court may affirm the bankruptcy court on any ground supported by the record. *See Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008).

## III. DISCUSSION

The instant bankruptcy appeal addresses Debtor's contentions that (1) the court erred in determining that there was no prevailing party and (2) the court erred in denying Debtor's discovery motions on the basis that Debtor's discovery was sent with an improper and abusive purpose.

### A. Debtor's Motion for Attorney's Fees

Debtor's appeal primarily seeks attorney's fees under Cal. Civ. Code § 1717 as prevailing party in his objection to AmEx's claim. Debtor contends that the court erred in finding there was no prevailing party. Debtor specifically argues that the court's issuance of an order disallowing the claim precludes any finding that there was a settlement or voluntary dismissal of the claim. Rather, Debtor asserts that the disallowance of AmEx's Claim constituted a "simple, unqualified win" entitling the Debtor to attorney's fees.

AmEx counters that the bankruptcy court properly denied attorney's fees because Debtor was not a prevailing party. AmEx also contends that Debtor's claim objection was not a requisite action "on a contract" under Cal. Civ. Code § 1717.

#### 1. Only a "Prevailing Party" in a Contract Action is Entitled to Attorney's Fees under Cal. Civ. Code § 1717

Cal. Civ. Code § 1717(a) entitles a prevailing party in an action on the contract to attorney's fees if the underlying contract contains an attorney's fees provision. While a trial court generally has discretion to determine that there is no prevailing party under Cal. Civ. Code § 1717(b)(1), the court's discretion is limited to weighing the relief sought and obtained by each of the parties. *See Hsu v. Abarra*, 891 P.2d 804, 813(1995). The court has no discretion to deny attorney's fees in cases of a "simple, unqualified win." *Id*.

7

Conversely, the court has no discretion to impose attorney's fees in the case of a voluntary dismissal or dismissal pursuant to a settlement. Cal. Civ. Code § 1717(b)(2).

### 2. *In re Brosio* Supports the Court's Denial of Fees Because AmEx Abandoned its Claim Prior to a Hearing on the Merits.

The bankruptcy court denied Debtor's attorney's fees on the basis that AmEx abandoned its claim prior to trial. The court also treated the order disallowing AmEx's claim as a stipulated judgment affirming the parties' settlement terms and not a judgment on the merits of Debtor's claim objection.

A plaintiff's abandonment of its claim prior to trial constitutes a voluntary dismissal for the purposes of Cal. Civ. Code § 1717(b)(2). *See, e.g., In re Brosio*, 505 B.R. 913 (9th Cir. B.A.P. 2014). *In re Brosio* does not require abandonment take a specific form. *See id.*; *Ennis v. Mortgagetree Lending, Inc.* 2010 WL 3341544, at *2 (E.D. Cal. Aug. 24, 2010) (dismissal requested at a pre-trial hearing); *Baldain v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 2606666, at *6 (E.D. Cal. June 28, 2010) (amended complaint did not re-plead the claim); *Dodson v. Pan Pac. Retail Props., Inc.*, 2003 WL 25656778, at *1, n. 2 (E.D. Cal. June 13, 2003) (pre-trial statement stating intention to abandon claim); *Galan v. Woldriver Holding Corp.*, 80 Cal. App. 4th 1124, 1130 (2000) (abandonment of claim term of settlement with other defendants); *Gilbert v. Nat'l Enquirer*, 55 Cal. App. 4th 1273, 1277 (1997) (voluntary dismissal resulting in judgment of dismissal for defendant).

While the acts constituting an abandonment vary among these cases, the common thread is that each plaintiff conveyed to the court an affirmative intention to abandon its claim prior to trial. AmEx's response to Debtor's claim objection is most analogous to the abandonment found in *Dodson* because AmEx conveyed its intent to abandon the claim through a filing not traditionally associated with voluntary dismissal. However, the court in *Dodson* found that the plaintiff's pre-trial statement clearly stating an intent to

8

abandon constituted an abandonment as a "practical matter." *Dodson*, 2010 WL 260666, at *1. Debtor's suggestion that AmEx might only have abandoned its claim by amending its claim to $0.00 or by filing a motion seeking leave to withdraw the claim are unpersuasive. Requiring AmEx to abandon its claim in a specific manner would ignore the fact that the requisite abandonment can be found in any affirmative expression to the court of an intent to abandon the claim.

Substantial evidence supports the court's finding that AmEx's actions served as an abandonment of its claim akin to a dismissal. AmEx notified Debtor of its intent to abandon its claim within days of Debtor's initial objection. R. at 134. AmEx expressly notified the court of its intent to abandon its claim when AmEx filed its response to Debtor's amended claim objection. R. at 127-33. The court consequently declined to hold a hearing because of the parties' apparent agreement and entered an order disallowing the claim based on their agreement. R. at 180.

Debtor's suggestion that AmEx opposed the objection and forced the court to adjudicate the matter to judgment is unavailing. AmEx solely objected to the issue of attorney's fees, which Debtor subsequently conceded were not at issue in the claim objection. R. at 127-33, 137-41. Moreover, the court never addressed the merits of Debtor's grounds for objecting, but instead expressly relied on the parties' agreement to disallow AmEx's claim. R. at 218.

Because AmEx abandoned its claim prior to any hearing on the merits, the bankruptcy court properly determined that Debtor was not a prevailing party pursuant to Cal. Civ. Code § 1717(b)(2).

### 3. The Court had Discretion to Determine Neither Party Prevailed Because Debtor did not Obtain a "Simple, Unqualified Win."

As an alternative basis, the record supports the court's finding that Debtor did not prevail on the contract action because Debtor did not obtain a "simple, unqualified win."

*See Hsu*, 891 P.2d at 813. It is an abuse of discretion to find no prevailing party in the absence of any substantial evidence to support that finding. *See id. Hsu v. Abarra* sets forth what evidence the court may and may not consider in making its determination. *See id.* The trial court must compare the relief sought to the relief awarded on the contract claim, and to consider the parties' litigation objectives as disclosed by the pleadings and other similar sources. *Id.* The court is prohibited from weighing equitable considerations unrelated to the parties' comparative litigation success. *Id.* However, the court is not barred from equitable considerations in determining a party's litigation success. *See id.* ("[C]ourts should respect substance over form . . . .").

      The record supports a finding that neither party prevailed with regard to the claim objection. Debtor values form over substance by conflating the claim amount with the relief AmEx sought. An unsecured bankruptcy claim is not the functional equivalent of a complaint seeking damages because the amount paid to the creditor depends on the terms of the Chapter 13 plan. Indeed, Debtor's plan proposed 0% payments on Debtor's unsecured claims. R. at 190. Debtor's disallowance of the claim had no bearing whatsoever on the status quo. As an allowed claim or a disallowed claim, AmEx would receive nothing on its claim. Debtor argues that the Debtor's plan might have been amended to call for payments, but such a possibility was speculative. As a practical matter, the record showed that neither party won or lost with regard to the claim objection.

      Debtor contends that the disallowance of AmEx's claim was a simple, unqualified win because disallowance was his litigation objective. However, the court reasonably found that Debtor's true litigation objective was the imposition of attorney's fees. AR 476, and the record supports this finding. Debtor clearly stated this litigation objective in his amended objection when he requested attorney's fees. R. at 125. Debtor then incurred almost the entirety of the requested $18,003.00 in attorney's fees after receiving AmEx's

10

18-cv-1024-GPC-WVG

consent to its claim's disallowance on September 14, 2017. R. at 213-16, 261. Based on the record, the court found that Debtor's litigation objective was not to obtain a disallowance of AmEx's likely valueless claim, but to punish AmEx and impose attorney's fees. R. at 476.

Because Debtor did not obtain a "simple, unqualified win" and substantial evidence supports the court's determination that neither party prevailed, the Court concludes that denial of attorney's fees is also proper on this alternative basis.

### B.     Debtor's Motion to Compel and Motion in Limine

Debtor contends that the bankruptcy court made numerous errors in disallowing Debtor's discovery. Because certain arguments dispose of the issue entirely, the Court does not address many of these procedural arguments.

#### 1.     Debtor's Discovery Appeals are Rendered Moot by the Court's Denial of Attorney's Fees Because No Relief May be Granted.

Because this Court affirms the denial of attorney's fees, the next issue is whether Debtor's discovery appeals are moot. Although Debtor's discovery requests were not included in the record, Debtor asserts that "all the discovery went to the heart of the statute of limitations defense and attorney fee provision." *See* Reply, ECF No. 8 at 11. Debtor argues that even if the claim disallowance mooted the statute of limitations defense, the disallowance did not moot the issue of attorney's fees. *See id.*

"A case or controversy becomes moot, and thus no longer suitable for adjudication, when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome." *HM Electronics R.F. Technologies, Inc.*, 171 F. Supp. 3d 1020, 1026 (S.D. Cal. 2016) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). An issue will be deemed moot where no relief can be granted regardless of whether the matter is decided in the litigant's favor. *Id.* Several courts have applied the mootness doctrine to discovery motions. *See HM Electronics, Inc.*, 171 F. Supp. 3d at 1031 (parties' settlement

agreement mooted issue of compensatory discovery sanctions); *Oxbow Carbon, LLC v. Martensen*, A142883, 2015 WL 4662900, *2 (Cal. App. 1st Dist., Div. 2, Aug. 6, 2015) (settlement of underlying action rendered discovery motion moot); *Ryan v. Editions Ltd. West, Inc.*, No. C 06-04812 PSG, 2011 WL 3207041, *3 (N.D. Cal. July 27, 2011) (admission of the truth of alleged statements at issue rendered moot the entire subject of discovery).

While AmEx's claim has been disallowed for almost a year, Debtor maintains that discovery is nevertheless necessary to pursue his attorney's fees. Because the Court concludes that Debtor was not a prevailing party entitled to attorney's fees, Debtor's discovery motions are necessarily mooted.

### 2. The Court Had Good Cause to Forbid Discovery to Protect AmEx from Annoyance, Embarrassment, Oppression, or Undue Burden.

With the discovery motions rendered moot, the Court need not determine whether the bankruptcy court erred in disallowing Debtor's discovery requests. However, the Court briefly addresses Debtor's contentions that the bankruptcy court could not determine the scope of discovery retroactively after judgment has been entered. For the following reasons, the Court alternatively concludes that the bankruptcy court did not abuse its discretion in forbidding discovery.

Although the scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad and includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," discovery is not without limitation. Rule 26(c)(1) provides in part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,

12

18-cv-1024-GPC-WVG

including . . . forbidding the disclosure or discovery[.]"[7] A court may enter such a protective order *sua sponte* where the circumstances so justify. *See Lesal Interiors, Inc. v. Resolution Trust Corp.*, 153 F.R.D. 552, 558 n. 4 (D.N.J. 1994); *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).

Even before discovery was entirely rendered moot,[8] the court had good cause to forbid discovery under Rule 26(c)(1). The record shows ample evidence that Debtor's counsel used the discovery process to harass and otherwise burden AmEx, rather than to obtain information relevant to Debtor's claim. Debtor never expressed to AmEx that discovery was necessary notwithstanding AmEx's consent to its claim's disallowance. R. at 475. If any discovery sought was relevant to the claim's validity, AmEx's concession would necessarily narrowed the scope of information sought. However, Debtor sought an order compelling responses to all the original discovery requests. R. at 156-57. Debtor never produced those original discovery requests or otherwise explained the content of his requests to the bankruptcy court. R. at 472. What the court could review from Debtor's Motion in Limine were admissions apparently intended to embarrass AmEx. R. at 475.

The record further supports the bankruptcy court's finding that Debtor intended for the discovery to go unanswered to extort fees from AmEx. Debtor's purported "meet and confer" email made no demand for discovery, but instead notified AmEx that the issue of attorney's fees was now up to the court to decide. R. at 163. Moreover, Debtor demanded $3,500 from AmEx to settle the discovery dispute. R. at 473. This demand appears to

---

[7] Debtor argues that the bankruptcy court "clearly errored [sic]" by reading a prohibition on "improper purpose" into Fed. R. Civ. P. 26(b)(1). However, the court also relied on Rule 26(c)(1) in disallowing the requests. An "improper purpose" is implicit in discovery that serves to annoy, embarrass, and oppress the discovery recipient.

[8] Some of these requests were moot upon AmEx's concession to the disallowance of its claim.

have no relation to the discovery dispute considering that Debtor subsequently demanded only $2,403 in attorney's fees. R. at 155.

Even assuming Debtor's good faith in propounding the discovery requests upon AmEx, Debtor's pursuit of potentially mooted discovery and demand that AmEx pay amounts unrelated to the discovery dispute caused sufficient "annoyance, embarrassment, oppression, [and] undue burden" to constitute good cause for forbidding discovery under Rule 26(c)(1). Although discovery is now rendered moot by the Court's denial of attorney's fees, the Court concludes that the bankruptcy court did not abuse its discretion in forbidding discovery under Rule 26(c)(1).

### 3. The Court Need Not Consider Discovery Procedures in Contested Bankruptcy Matters.

Because the bankruptcy court was within its authority to forbid discovery and the entire issue of discovery is now moot, the Court need not address whether Debtor was permitted to initiate discovery without first meeting and conferring with AmEx regarding the parameters of discovery.

### 4. The Court Need Not Consider Rule 3001(c)(3)(B).

Lastly, Debtor asserts a right to the underlying credit agreement pursuant to Fed. R. Bankr. P. 3001(c)(3)(B), as an alternative to the discovery rules. Debtor contends that the bankruptcy court erred in failing to consider this argument. The bankruptcy court, however, was not required to consider Debtor's rights to documentation under Fed. R. Bankr. P. 3001(c)(3)(B) because Debtor improperly raised the issue for the first time in his reply brief in support of his Motion to Compel. *See United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992). The Court thus finds no error in the bankruptcy court's failure to consider Fed. R. Bankr. P. 3001(c)(3)(B).

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that the May 18, 2018 Order Denying Debtor's Motions to Compel, For Attorney's Fees, and in Limine is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: October 2, 2018

Hon. Gonzalo P. Curiel
United States District Judge